IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL INDICTMENT NO. |
| | * | 2:11-CR-02-WCO |
| CHARLES RICK TOMLIN, | * | |
| | * | |
| _____Defendant.\_\_\_\_ | * | |

**SENTENCING MEMORANDUM**

**COMES NOW** the Defendant, and makes this, his Sentencing Memorandum, and shows this Honorable Court the following:

**Sentencing Memorandum**

Post-United States v. Booker, 543 U.S. 220 (2005) the Sentencing Guidelines become just that: guidelines. The guidelines are to be used in conjunction with the factors set forth in 18 U.S.C. §3553. The ultimate test is, once the guidelines and the §3553 are applied, is the sentence arrived at reasonable? See United States v. Pugh, 515 F.3d 1179 (2008).

18 U.S.C. §3553 sets forth the factors to be considered in imposing a sentence.

1) The nature and circumstances of the offense, and the history and characteristics of the Defendant;

2) The need for the sentence imposed;

    A. To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

    B. To afford adequate deterrents to criminal conduct;

    C. To protect the public from further crimes of the Defendant; and

    D. To provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3) The kinds of sentences available;

4) The kinds of sentencing range established by the guidelines;

5) Any pertinent policy statement issued by the Sentencing Commission;

6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) The need to provide restitution to any victims of the offense.

Looking at the history and characteristics of the Defendant, there is no doubt that the Defendant has not been perfect.  He has had problems with the legal system, and has had some difficult relationships with family members and other businesses.  However, that which is reported in the Presentence Report does not tell the whole story.

Attached are letters from customers of the Defendant's business.  They demonstrate a businessman who provides a good product at a fair price, and who can be compassionate towards the economic circumstances of his customers.

Addressing the issue of the seriousness of the offense, if the Defendant's objections to the enhancement of the Offense Level for the amount of loss are accepted, the Offense Level would be 6.  Obviously, at the very low end of Sentencing Guidelines, even with the Offense Level of 12, which is the Government's position, the Offense Level would still be in the lower third of the Sentencing Guidelines.

Another factor to be considered is the need for educational or vocational training, among other things, which would contemplate the Defendant obtaining a trade.  As is evidenced by the aforementioned letters, the Defendant has a trade as a general automobile mechanic who, in fact, provides employment for not only himself, but for several other people.

Finally, in reviewing the kinds of sentences available under the Sentencing Guidelines, it is the Defendant's position that the Offense Level should be 6, and the Criminal History Category should be 3, which would place the Defendant firmly in Zone B of the Guidelines. Under U.S.S.G. §5B1.1.(a)(2), a guideline range in Zone B would permit the Court to impose a probated sentence with conditions requiring intermittent confinement, community confinement, or home detention. The Defendant would contend that home detention or community confinement would make the most sense, as it would allow him to continue operating his business and keeping others gainfully employed.

Based on the above, the Defendant respectfully requests that he be sentenced to a period of probation, with a portion of that sentence to be served in community confinement or home detention.

                                                Respectfully submitted,

                                                s/D. Jones_____
                                                DAVID H. JONES
                                                State Bar No. 405585
                                                Counsel for Defendant
                                                Charles Rick Tomlin

King, King & Jones, P.C.
Studioplex
659 Auburn Avenue, Suite 141
Atlanta, Georgia 30312
(404) 522-8484
(Fax) 522-8481

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Sentencing Memorandum was formatted in the Times New Roman 14 pt. font in accordance with Local Rules 5.1C, and was electronically filed this day with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following Assistant United States Attorney of record:

> Paul Jones, Esq.
> Asst. U.S. District Attorney
> 600 U.S. Courthouse
> 75 Spring Street, SW
> Atlanta, Georgia  30303

This 20th day of February, 2012.

> s/D. Jones_____
> DAVID H. JONES
> State Bar No. 405585
> Attorney for Defendant
> Charles Rick Tomlin

King, King & Jones, P.C.
Studioplex
659 Auburn Avenue
Suite 141
Atlanta, Georgia 30312
(404) 522-8484
(Fax) 522-8481