FILED IN CHAMBERS
U.S.D.C  Atlanta

FEB 24 2012

JAMES N. HATTEN, Clerk
By: Don Stanhope
/Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

-vs-

**CHARLES TOMLIN**

Case No. 2:11-CR-00002-WCO

**Defendant's Attorney:
David H. Jones**

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty by jury on Count(s), one of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18:1001 | False Statements | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to 18 U.S.C. 3553 and within the reasonable discretion of the Court after reviewing and considering the Federal Sentencing Guidelines.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately and for which he stands committed.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.      5232
Defendant's Date of Birth:       1956
Defendant's Mailing Address:
Ellenwood, GA 30294

Date of Imposition of Sentence: February 22, 2012

Signed this the 23rd day of February, 2012.

WILLIAM C. O'KELLEY
SENIOR UNITED STATES DISTRICT JUDGE

2:11-CR-00002-WCO : CHARLES TOMLIN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **20 MONTHS as to count one of the indictment in the above entitled cause.**

The Court recommends the Bureau of Prisons designate USP Atlanta or a facility as near to northeast Georgia as possible, as the place of service of the sentence imposed this date by the Court.

The defendant shall surrender to the institution designated by the Bureau of Prisons at 12:00 pm, March 20, 2012. If no designation has been made at that time, the defendant shall surrender to the United States Marshal for this district, at 75 Spring Street, Richard B. Russell Courthouse, Atlanta, GA 30303 at 12:00 pm on March 20, 2012.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS as to count one of the indictment.**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment schedule.

The defendant shall pay restitution in the total amount of $43,331.49. The defendant shall make restitution and/or fine payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of restitution and/or fine that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of not less than $200.00 plus 25% of gross income in excess of $2500.00 per month.

The defendant shall pay any restitution and/or fine that remain unpaid at the commencement of the term of supervised release.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution and/or fine remains unpaid.

The defendant shall submit to a search of his person, property (real, personal, or rental), residence, office, and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other resident that the premises may be subject of searches pursuant to this condition.

Case 2:11-cr-00002-WCO-SSC  Document 74  Filed 02/24/12  Page 4 of 6

Page 4 of 6
WCO

2:11-CR-00002-WCO : CHARLES TOMLIN

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.


2:11-CR-00002-WCO : CHARLES TOMLIN

## RESTITUTION

The defendant shall pay restitution in the total amount of $43,331.49. Restitution shall be paid to:

U.S. Environmental Protection Agency
Fines and Penalties
Cincinnati Finance Center
P.O. Box 979077
St. Louis, MO 63197-9000

2:11-CR-00002-WCO : CHARLES TOMLIN

## FINE

The defendant shall pay a fine of **$ 5000.00**.