IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *v.*<br><br>CHARLES TOMLIN | Criminal Action No.<br><br>2:11-CR-02-WCO |

**Government's Memorandum on Revocation of Supervised Release**

The United States of America, by John A. Horn, United States Attorney, and Paul R. Jones, Assistant United States Attorney for the Northern District of Georgia, files this Government's Memorandum on Revocation of Supervised Release.

On August 27, 2015, this Court signed a warrant authorizing the arrest of the defendant, Charles Tomlin, also known as Ricky Tomlin, for violating the terms of his supervised release. (Doc. 104.) A hearing was held on November 12, 2015. (Doc. 119.) At the hearing, the Court indicated that it would not find that the defendant had violated the terms of his supervised release based on the conduct underlying criminal charges filed against him in Henry County, Georgia. The Court, however, was inclined to find that he violated the terms of his supervised release when, *inter alia*, he moved outside the Northern District of Georgia without permission and failed to follow the instructions of his probation officer. The Court ordered the parties to file a memorandum on the options that the Court has. (Doc. 119.)

Defense counsel has already filed a memorandum. (Doc. 120.) The government agrees with the position that counsel has taken in his memorandum: if this Court does not find that the conduct in Henry County constitutes a violation of supervised release, then the defendant's violation for failing to follow the instructions of his probation officer would be a Grace C violation. *See* USSG §7B1.1(a)(3)(B) (Grade C violation includes "a violation of any other term of supervised release"). If the Court finds that the defendant has committed a Grade C violation, it may: "(A) revoke probation or supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision." USSG §7B1.3(a)(2).

The Court has the option of revoking supervised release and imposing a custodial sentence of 5 to 11 months. USSG §7B1.4(a). The Court also retains the authority to impose a term of supervised release that is up to and including the original term authorized by statute. 18 U.S.C. § 3583(g). In this case, the statute authorizes a term of supervised release of up to three (3) years.

Accordingly, the government requests that the Court extend the defendant's supervised release by an additional three (3) years. The extension of supervised release would be reasonable under 18 U.S.C. § 3553(a) because, as the Court explained at the hearing, the defendant has failed to show respect for the law and for this Court when he refused to abide by the terms of his supervised release and refused to follow the instructions of his probation officer.

## Conclusion

For the foregoing reasons, the government requests that the Court find that the defendant committed a Grade C violation and extend his term of supervised release by an additional three years.

Respectfully submitted,

JOHN A. HORN
   *United States Attorney*

/s/PAUL R. JONES
   *Assistant United States Attorney*
Georgia Bar No. 402617
Paul.Jones@usdoj.gov

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

>Stephen P. Johnson, Esq.
>Federal Defender Program, Inc.

November 29, 2015

>/s/ PAUL R. JONES
>PAUL R. JONES
>*Assistant United States Attorney*